UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TINA D. CHANDLER,<br><br>    Plaintiff,<br><br>    v.<br><br>LELAND DUDEK, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | CAUSE NO.: 3:22-CV-876-TLS-MGG |

### OPINION AND ORDER

This matter is before the Court on a Plaintiff's Attorney's Motion for an Award of Attorneys Fees Under 42 U.S.C. 406(b) [ECF No. 17], filed on February 6, 2025. The Commissioner neither supports nor opposes the motion. ECF No. 19. For the reasons stated below, the motion is GRANTED.

### BACKGROUND

On December 15, 2016, the Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning June 7, 2015. AR 124–25, ECF No. 10. The Plaintiff challenged the denial of benefits in federal court, and the Court reversed and remanded for further proceedings. *Chandler v. SSA*, 3:20-cv-308 (May 25, 2021). The Court awarded $2,928.50 in EAJA fees in 3:20-cv308. *Id.* (Sept. 7, 2021). However, counsel for the Plaintiff represents that the EAJA fee was never received by counsel. A second hearing was held on May 25, 2022, resulting in an unfavorable decision. AR 1851–69. The Plaintiff filed the Complaint in this case, and the Court reversed and remanded on the Defednant's unopposed motion. ECF No. 12. On Apri 28, 2023, the Court awarded the Plaintiff's attorney EAJA fees in the amount of $464.62, which counsel represents was received. ECF No. 16. Ultimately, the

Social Security Administration awarded the Plaintiff past-due benefits in the amount of $112,314.00, twenty-five percent of which is $28,078.50. ECF No. 18-3.

In the instant motion, the Plaintiff's attorney requests an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $28,078.50. In the retainer agreement, the Plaintiff agreed to pay counsel twenty-five percent of all past-due benefits for the work in federal court. ECF No. 18-1. Counsel represents that, if fees are awarded under § 406(b), counsel will refund to the Plaintiff the $464.62 in EAJA fees previously awarded and received by counsel.

## ANALYSIS

The Plaintiff's counsel, subject to refunding $464.62 in EAJA fees, requests $28,078.50 in attorney's fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. For this analysis,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (cleaned up). An award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

In this case, the requested amount in attorney's fees is consistent with the contingency agreement, and counsel will refund the $464.62 in EAJA fees to the Plaintiff. Counsel represents that 12.2 attorney hours and 10.6 non-attorney hours were spent in federal court on this case. ECF Nos. 18-4, 18-5. This equates to a fee of approximately $1,850.00 per hour for attorney work and $519.67 per hour for non-attorney work. Although high, this hourly rate is reasonable given the contingent nature of this case and is similar to hourly rates in comparable cases. *See, e.g.*, *Demonja v. O'Malley*, 2:21-CV-305 (N.D. Ind. Apr. 2, 2024) (hourly rate of $4,821.65); *Summer v. Kijakazi*, 2:20-CV-483 (N.D. Ind. July 18, 2023) (hourly rate of $1,850.00); *Narug v. Comm'r of Soc. Sec.*, 2:19-CV-490 (N.D. Ind. Aug. 29, 2022) (hourly rate of $2,450.60); *Sigsbee v. Kijakazi*, 3:19-CV-913 (N.D. Ind. Mar. 29, 2022) (hourly rate of $1,586.74); *Long v. Saul*, No. 3:19-CV-155, 2021 WL 2588110, *1 (N.D. Ind. June 24, 2021) (hourly rate of $1,711.96). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award as well as future benefits. The Court discerns no basis to reduce the amount. *See Arnold*, 106 F.4th at 601.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Plaintiff's Attorney's Motion for an Award of Attorneys Fees Under 42 U.S.C. 406(b) [ECF No. 17], and AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $28,078.50. The Court ORDERS the Plaintiff's attorney to refund to the Plaintiff the $464.62 in total EAJA fees previously awarded and received by counsel in this case.

SO ORDERED on February 24, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
